UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID DANIELS,

        Plaintiff,

v.

MICHAEL WAYMAN, THOMAS L'HEUREUX,

        Defendants.

CASE NO. 3:19-CV-6079-RJB-DWC

ORDER

Plaintiff David Daniels, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. The District Court has referred this action to United States Magistrate Judge David W. Christel. Presently pending in this action are Plaintiff's: (1) Motion for Leave to File Amended Complaint ("Motion to Amend," Dkt. 11) and (2) Motion to Appoint Counsel (Dkt. 12). The Court grants Plaintiff's Motion to Amend (Dkt. 11) and directs Plaintiff to file an amended complaint on or before January 26, 2020. The Court denies Plaintiff's Motion to Appoint Counsel (Dkt. 12) without prejudice.

**1. Motion to Amend (Dkt. 11)**

Plaintiff moves for leave to amend his complaint to add claims and factual allegations. Dkt. 11. Plaintiff also seeks to addresses for several defendants. *Id.*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The Motion to Amend is Plaintiff's first motion and he has not previously amended his Complaint in this case. Plaintiff filed the Motion to Amend before the Complaint was served and prior to Defendants' filing of a responsive pleading or motion under Rule 12(b). *See* Dkt. Therefore, Plaintiff has the right to amend his Complaint as a matter of course pursuant to Rule 15(a)(1)(B). *See Trudeau v. Direct Marking Concepts, Inc.*, 90 Fed. Appx 486 (9th Cir. 2003) (finding the plaintiff was allowed to amend his complaint as a matter of right when the motion to amend was filed before the defendant filed a responsive pleading). Accordingly, Plaintiff's Motion to Amend (Dkt. 11) is granted.

Plaintiff has not attached a proposed amended complaint to his Motion to Amend. He has only briefly described the supplemental claims he wishes to add to his Complaint. *See* Dkt. 11. To amend his Complaint, Plaintiff must file an amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any

part of the Complaint by reference. The amended complaint will act as a complete substitute for the Complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The Court reminds Plaintiff, under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Within the amended complaint, Plaintiff must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

If Plaintiff fails to file an amended complaint by January 26, 2020 the Court will proceed on Plaintiff's Complaint. The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

**2. Motion to Appoint Counsel (Dkt. 12)**

Plaintiff moves for the appointment of counsel. Dkt. 12. Plaintiff alleges he is unable to afford counsel, his imprisonment greatly limits his ability to litigate this matter, the issues involved are complex, a trial will involve conflicting testimony, and he has limited knowledge of the law and limited access to the law library. Dkt. 12.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.

1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Plaintiff has not shown the exceptional circumstances necessary to warrant the appointment of counsel. As stated above, the Court grants Plaintiff's Motion to Amend (Dkt. 11). However, Plaintiff has not yet filed an amended complaint, which will be subject to screening by the Court. *See* 28 U.S.C. § 1915. Thus, at this early stage, the Court is not able to discern whether plaintiff's amended complaint presents a claim that is cognizable under § 1983 or plaintiff's likelihood of success. For this reason and because at present, the facts and legal issues do not appear unusually complex such that plaintiff could not articulate his claims *pro se*, the Court finds that plaintiff has not shown the exceptional circumstances required for the appointment of counsel.

Plaintiff's Motion to Appoint Counsel (Dkt. 12) is therefore denied as premature and without prejudice.

Dated this 26th day of December, 2019.

David W. Christel
United States Magistrate Judge