UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID DANIELS,

        Plaintiff,

v.

MICHAEL WAYMAN, THOMAS L'HEUREUX,

        Defendants.

CASE NO. 3:19-CV-6079-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: March 20, 2020

Plaintiff David Daniels, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court determines Plaintiff has failed to state a claim upon which relief can be granted. Because Plaintiff cannot remedy the defects in his Complaint, the Court recommends Plaintiff's claims be dismissed without leave to amend and this case be closed.

I.    **BACKGROUND**

Plaintiff, who is housed in the Washington State Prison, alleges defendants violated his First, Eighth and Fourteenth Amendment rights when he was found guilty of an allegedly false infraction. Dkt. 16. Plaintiff alleges Defendant Wayman filed an incident report falsely

REPORT AND RECOMMENDATION - 1

accusing Plaintiff of possession and use of a cell phone. *Id*. at 5.  Plaintiff alleges Defendant L'Heureux wrongfully found Plaintiff guilty of the infraction based upon Defendant Wayman's allegedly false report, despite Plaintiff's submission of contrary documentary evidence and witness statements at his hearing. *Id*. at 6–7.  Plaintiff alleges the guilty determination resulted in his loss of good time credit, reassignment to supermax custody for 94 days and to maximum closed custody, loss of prison employment and telephone privileges, and (apparently as a result of his custody assignment) inability to attend Jumah to practice his religion's mandatory prayer. *Id*. at 5.  Plaintiff seeks monetary damages and the firing of both Defendants. *Id.* at 9.

## II.     DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must "dismiss the complaint, or any portion of the complaint, if the complaint:  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show:  (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  To satisfy the second prong, a plaintiff must allege facts showing how individually

named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal. Because the defects cannot be cured by amendment, the Court recommends the claims be dismissed without leave to amend.

A. *Heck Bar*

Plaintiff's claims related to his loss of good time credits are not cognizable under § 1983 because, unless the disciplinary action revoking the credits has already been reversed and the credits restored, his only remedy is to seek invalidation through a writ of habeas corpus.

In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." As the Ninth Circuit has explained, "[i]f the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

The United States Supreme Court has extended the *Heck* doctrine "to prison disciplinary actions that implicated the prisoner's term of confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (*citing Edwards*, 520 U.S. at 643-44). In *Edwards*, a prisoner brought a § 1983 claim alleging a biased hearing examiner relied upon false evidence in a disciplinary hearing leading to the prisoner's loss of good time credits. *Edwards*, 520 U.S. at 643. The Court held the prisoner's suit was not cognizable under § 1983 because the alleged due process defects

1  in the disciplinary hearing, if established, would "necessarily imply the invalidity of the
2  deprivation of his good-time credits." *Edwards*, 520 U.S. at 643, 646; *see Heck*, 512 U.S. 477,
3  486-87 (a claim for damages resulting from the revocation of good time credits is premature until
4  the revocation of good time credits is invalidated).

5        A judgment in Plaintiff's favor on this claim would, as in *Heck and Edwards*, necessarily
6  imply the invalidity of the loss of his earned-time credits; as such, this claim is not cognizable
7  under §1983.  Because it is evident from the face of Plaintiff's complaint that the disciplinary
8  sanction has not been reversed or revoked (Dkt.16), amendment would be futile.  This claim
9  should therefore be dismissed without leave to amend.

10       Plaintiff's remaining claims address the conditions of his confinement rather than the
11 legitimacy of the length of Plaintiff's confinement, so they are not barred by *Heck*.  *Ramirez*, 334
12 F.3d at 858.  However, as discussed below, those claims suffer from different defects and also
13 fail to state a claim upon which relief may be granted.

14   B.    *Due Process*

15       The due process guarantees of the Fourteenth Amendment "apply only when a
16 constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5 F.3d 1314,
17 1316 (9th Cir. 1993).  Prisoners have "no liberty interest in freedom from state action taken
18 within the sentence imposed," unless such action imposes "atypical and significant hardship on
19 the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472 at
20 480, 484 (1995).

21       Prison inmates have no constitutionally guaranteed immunity from being falsely or
22 wrongly accused of conduct which may result in deprivation of protected liberty interest, *see*
23 *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986).  As long as Plaintiff is afforded
24

procedural due process in a disciplinary hearing, allegations of wrongful or fabricated charges fail to state an independent claim under § 1983.  *See Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th Cir. 1984).

Prisoners also generally have no constitutional right to a particular classification or custody level.  *Hernandez v. Johnston,* 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Daggett,* 429 U.S. 78 (1976).  In *Sandin,* the United States Supreme Court held an inmate had no liberty interest in freedom from a thirty-day period of disciplinary segregation where the evidence showed the conditions in such segregation "with insignificant exceptions, mirrored those conditions imposed on inmates in administrative segregation and protective custody," and the segregation did not "inevitably affect" the length of his prison sentence.  *Id.* at 486-87.

While administrative segregation "typically . . . in and of itself does not implicate a protected liberty interest," it may do so under certain circumstances.  *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (handicapped inmate confined in administrative segregation for two months without use of his wheelchair suffered an atypical and significant hardship), *cert. denied*, 543 U.S. 825 (2004).  *See also Ramirez*, 334 F.3d at 861 (reversing and remanding dismissal of due process claim for application of *Sandin* factors where prisoner alleged his segregated unit was overcrowded and violent, isolation severed ties with his family, he was required to participate in psychiatric programs, and he was in confinement for two years).

Even if harm to a liberty interest is adequately alleged, a plaintiff has no claim unless the deprivation was made without due process.  In the limited circumstances where a liberty interest in avoiding administrative segregation exists, "due process requires only the following procedures:  prison officials must hold an informal non-adversary hearing within a reasonable time after the prisoner is segregated.  The prison officials must inform the prisoner of the charges

against the prisoner or their reasons for considering segregation. Prison officials must allow the prisoner to present his views." *Toussaint v. McCarthy,* 801 F.2d 1080, 1100 (9th Cir. 1986), *overruled on other grounds*, *Sandin* 515. U.S. 472 (footnote omitted). "[D]ue process does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." *Id.* at 1100-01. Even where a more significant liberty interest is at stake, such as the revocation of good time credits, the prisoner need only receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).

Here, Plaintiff has not alleged an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 472 at 484. Plaintiff's claims regarding telephone access and prison employment do not rise to this level. *See, e.g. Frazier v. Coughlin,* 81 F.3d 313, 317 (2d Cir.1996) (loss of commissary, recreation, package, and telephone privileges did not amount to an atypical and significant deprivation). Furthermore, Plaintiff has not alleged facts sufficient to establish his confinement level imposes atypical or significant hardships like those at issue in *Serrano* or *Martinez*.

But more importantly, even if he could allege facts sufficient to support a liberty interest under *Sandin*, Plaintiff has also failed to allege facts establishing a lack of due process. The Complaint alleges Plaintiff was informed of the basis of the infraction and was provided with a hearing in which he presented witness statements and documentary evidence. Dkt. 16 at 6–7.

1  Plaintiff also received the written minutes and findings of his disciplinary proceeding. Dkt. 6 at
2  19. Thus, Plaintiff has received even more procedural protections than are ordinarily required
3  for a change to an increased level of confinement. Plaintiff's own allegations establish that there
4  has been no denial of due process. Because amendment cannot cure this defect, Plaintiff's due
5  process claims should be dismissed without leave to amend.

6      C.    *First Amendment Free Exercise of Religion*

7      Plaintiff alleges that, due to his confinement level, he was prevented from attending
8  group prayer. Dkt. 16 at at 5. Plaintiff's allegation does not adequately state a claim under the
9  First Amendment.

10     In *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351–52 (1987), the Supreme Court held
11 prison regulations preventing plaintiffs' attendance at group prayer did not violate the First
12 Amendment where they were imposed for the valid penological objective of maintaining prison
13 security. The Ninth Circuit, citing *O'Lone*, held a prisoner was not deprived of his First
14 Amendment rights by a prison policy forbidding attendance at group prayer by prisoners in
15 administrative segregation, because the policy was likewise "rationally connected to that
16 [security] purpose. *Hakeem v. Maass*, 942 F.2d 791, 1991 LS 159467 at *1–2 (9th Cir. 1991).

17     Plaintiff alleges only that a 94-day change in his confinement level prevented his
18 attendance at group prayer. Dkt. 16 at 5. His allegations are no different from those in *Hakeem*
19 and therefore fail, as a matter of law, to state a claim under the First Amendment. Amendment
20 of the Complaint would therefore be futile, and the claim should be dismissed without leave to
21 amend.

22
23
24

D.     *Eighth Amendment*

Plaintiff invokes the Eighth Amendment but provides no facts to support a claim. It appears Plaintiff claims the harms he alleges in his due process claims also violate the Eighth Amendment. Dkt. 16 at 4, 6.

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, a plaintiff must allege defendants, acting with deliberate indifference to an excessive risk to inmate health or safety, deprived the inmate of "the minimal civilized measure of life's necessities." *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

None of the categories of harm alleged by Plaintiff rises to the level of an Eighth Amendment violation. There is no Eighth Amendment right to any particular security or confinement classification, since "the mere act of classification does not amount to an infliction of pain" and therefore "is not condemned by the Eighth Amendment." *Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir. 2007). Loss of telephone privileges and employment likewise do not create Eighth Amendment rights. *Mahon v. Prunty,* 87 F.3d 1320, 1996 LW 337163 at *1 (9th Cir. 1996) (loss of telephone privileges does not "present a dramatic departure from the basic conditions" of prison life); *Barno v. Ryan*, 399 F. Appx. 272, 273 (9th Cir. 2010) (loss of prison job due to classification change does not violate Eighth Amendment), *cert. denied,* 131 S. Ct. 942 (U.S. 2011).

Plaintiff's Eighth Amendment claims fail as a matter of law and cannot be cured by amendment. They should therefore be dismissed without leave to amend.

### III. CONCLUSION

For the above stated reasons, the undersigned recommends Plaintiff's Complaint be dismissed with prejudice for failure to state a claim and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 20, 2020, as noted in the caption.

Dated this 5th day of March, 2020.

David W. Christel
United States Magistrate Judge